# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE BAYER and ANGELA BAYER, | |
| Plaintiffs, | CIVIL ACTION NO. 3:04-CV-2505 |
| v. | (JUDGE CAPUTO) |
| MONROE COUNTY CHILDREN & YOUTH SERVICES, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Motion to Set Aside Entry of Default (Doc. 103) by Defendant Dawn Thornton, improperly identified as Jane Doe Thornton. For reasons set out below, I will grant Defendant Thornton's motion (Doc. 103) and the Entry of Default as to Jane Doe Thornton (Doc. 97) will be vacated.

On November 18, 2004, Plaintiffs proceeding *pro se* filed a 100 page complaint raising thirty-five claims against thirty-two named defendants. In summary, the Complaint alleges violations of the Plaintiffs' civil rights stemming from the placement of Plaintiffs' children in protective custody. Defendant Thornton failed to answer, plead, or otherwise defend against the Complaint, and on April 12, 2005, Entry of Default as to Jane Doe Thornton was entered by the Clerk. (Doc. 97.) Shortly after, on May 6, 2005, counsel entered an appearance for Defendant Thornton, and the present motion was filed on May 31, 2005. (Docs. 99,103.) At some point during the placement of Plaintiffs' children in protective custody, Defendant Thornton provided foster care for the children. Given her employment as a foster parent with Monroe County, Defendant Thornton asserts that she

believed, in good faith, that she would be represented in this case by an attorney provided for her by the county. (Doc. 104, p. 4.) Defendant Thornton claims that upon notice of the Entry of Default, she became aware that she was, in fact, not being represented due to a miscommunication between various parties and related third party entities. *Id.* Defendant Thornton then promptly obtained representation.

Federal Rule of Civil Procedure 55(c) provides that: "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The Court may set aside an entry of default pursuant to less substantial grounds than those required for opening a default judgment. *Feliciano*, 691 F.2d at 656. Therefore, relief of an entry of default can, generally, be granted for any of the reasons sufficient to justify vacating a default judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* In relevant part, Rule 60(b)(1) states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." The Court has broad discretion in deciding whether to set aside an entry of default. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). Further, the Third Circuit Court of Appeals has explicitly stated that it "does not favor entry of defaults or default judgments." *$55,518.05 in U.S. Currency*, 728 F.2d at 194-95 (quoting *Tozer*, 189 F.2d at 245.).

In deciding whether to set aside an entry of default under Rule 55(c), the Court

must also consider three factors: (1) whether Plaintiffs will be prejudiced if the default judgment is set aside; (2) whether Defendant has a meritorious defense; and (3) whether the default was the product of Defendant's culpable conduct.  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195); *see also Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir.1987); *see also Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) ("Although . . . the standards for the two situations [entry of default and default judgment] are not always the same, we believe that the three factors . . . should be applied in both situations.").  In the present case, these factors weigh in favor of granting Defendant Thornton's motion.

**1.      Prejudice to the Plaintiff**

Plaintiffs' will not be prejudiced if the Court sets aside the entry of default as to Defendant Thornton.  Prejudice exists when, for example, a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment is alleged.  *Feliciano*, 691 F.2d at 657.  A mere delay in realizing satisfaction on a claim is not sufficient to establish the degree of prejudice necessary to warrant denial of Defendant's motion.  *See id.* at 656-57.  Plaintiffs allege that granting Defendant's motion would prejudice them because they would have to wait to obtain any judgment against the Defendant.  Thus, Plaintiffs have failed to show that they would be sufficiently prejudiced as to warrant denial of the Defendant's motion, and this factor weighs in favor of granting Defendant Thornton's motion.

**2.      Meritorious Defense**

The showing of a meritorious defense is accomplished when "allegations of

3

defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer*, 189 F.2d at 244); *see also Farnese*, 687 F.2d at 764; *see also Resolution Trust Corp. v. Forest Grove*, 33 F.3d 284, 288 (3d Cir. 1994).  Although Defendant Thornton asserts that she has a defense to Plaintiffs' claims, because Defendant has not yet filed an answer, the Court is unable to evaluate whether she has a meritorious defense.[1]  *See, e.g., Hill v. Williamsport Police Dep't*, 69 Fed. Appx. 49, 52 (3d Cir. 2003).  The second factor is inconclusive in this case.

### 3.   **Culpable Conduct**

Culpable conduct means actions taken willfully or in bad faith.  *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983).  No allegations have been made that Defendant Thornton acted willfully or in bad faith, and there is nothing to suggest that Defendant failed to answer the Complaint for any reason other than a mistake or excusable neglect.  Thus, this factor also weighs in favor of granting Defendant's motion.

In conclusion, there is no indication that Defendant Thornton's failure to answer, plead, or otherwise defend the Complaint was due to any reason other than excusable neglect or a mistake.  Considering the three factors above, I will grant Defendant Thornton's Motion to Set Aside Entry of Default  (Doc. 103) and the Entry of Default as to

---

[1] The Court is aware of the more stringent standard applied to a defendant seeking to set aside a default judgment, requiring the defendant to set forth with some specificity the grounds for her defense.  *Harad v. Aetna Casualty & Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988).  At issue in this case, however, is a motion to set aside an entry of default.

4

Jane Doe Thornton (Doc. 97) will be vacated.

     An appropriate order follows.


<u> July 26, 2005     </u>                         <u> /s/ A. Richard Caputo     </u>
Date                                            A. Richard Caputo
                                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRUCE BAYER and ANGELA BAYER | |
| Plaintiffs | NO. 3:04-CV-2505 |
| v. | (JUDGE CAPUTO) |
| MONROE COUNTY CHILDREN & YOUTH SERVICES, et al., | |
| Defendants. | |

**ORDER**

**NOW**, this  26th  day of July, 2005, **IT IS HEREBY ORDERED** that:

(1) Defendant Thornton's Motion to Set Aside Entry of Default (Doc. 103) is **GRANTED**.

(2) Entry of Default as to Jane Doe Thornton (Doc. 97) is **VACATED**.

(3) Defendant Thornton has twenty (20) days to respond to the Complaint

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge