**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRUCE BAYER and ANGELA BAYER
PRO SE,

      Plaintiffs,

          v.

MONROE COUNTY CHILDREN &
YOUTH SERVICES, et al.,

      Defendants.

CIVIL ACTION NO. 3:04-CV-2505

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are nine separate motions to dismiss filed by various Defendants.  (Docs. 4, 9, 12, 16, 19, 39, 41, 52, 54.)  In total, Defendants' motions raise standing issues, immunity defenses, failure of Plaintiffs to state a cognizable cause of action, and Defendant Foster Care Division of Monroe County's (hereinafter Foster Care Division) lack of a separate legal identity.  For reasons set forth below, I will grant five of the motions to dismiss in their entirety (Docs. 4, 9, 12, 16, 41); I will deny two of the motions (Docs. 19, 54); and I will grant two of the motions in part and deny them in part (Docs. 39, 52).  The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

## FACTUAL BACKGROUND

On January 10, 2003, Plaintiffs Bruce and Angela Bayer were served with a protection order signed by Detective Michael Robson of the Pocono Mountain Regional Police Department.  (Doc. 1 ¶ 42.)  Pursuant to that order, Plaintiffs' minor children were removed from their home and placed in protective custody with Monroe County Children

and Youth Services (hereinafter MCCYS), while the children's biological father was

investigated on alleged sexual abuse charges.  (Doc. 1  ¶¶ 43, 49.)  Plaintiffs assert that

the protection order was defective.  (Doc. 1  ¶¶ 137-42.)   On January 14, 2003, MCCYS

filed for an emergency petition which was heard before Judge Margherita P. Worthington

on January 16, 2003.  (Doc. 1  ¶ 85.)  Plaintiffs assert that the protection order was valid

for only 72 hours and that, therefore, the children were improperly held in protective

services at the time of the petition on January 14, 2003.  *Id.*  At the January 16, 2003,

hearing on the petition, Plaintiff Angela upon the advice of her counsel agreed to

continue the hearing until February 20, 2003.  (Doc. 1  ¶ 100.)  Plaintiff Angela asserts

that she was under duress when she agreed to the continuance.  *Id.*  Pending the

dependency hearing on February 20, 2003, Judge Worthington granted custody of the

minor children to MCCYS.  (Doc. 1 ¶ 102.)  On January 28, 2003, the sexual abuse case

against the children's biological father was deemed unfounded.  (Doc. 1 ¶ 125.)  Plaintiffs

assert that various Defendants negligently failed to petition for the children's release from

protective services prior to the dependency hearing on February 20, 2003.  (Doc. 1 ¶¶

125-32.)  Plaintiffs further allege that during their placement in protective custody the

Plaintiffs' minor children received inadequate medical and psychological care.  (Doc. 1 ¶¶

152-69.)  At the hearing on February 20, Judge Worthington denied MCCYS' petition and

returned Plaintiffs' minor children to their care.  (Doc. 1 ¶ 160.)

## PROCEDURAL BACKGROUND

On November 18, 2004, Plaintiffs filed, *pro se,* a two-hundred (200) page

Complaint alleging violations of their civil rights by raising forty-one (41) claims against

thirty-one (31) Defendants.  In the Complaint, Plaintiffs assert the following claims on behalf of themselves and their minor children:

1.  Count I  Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Procedural Due Process - Seizure of Gabriel

2.  Count II  Violation of Civil Rights Under 42 U.S.C. 1983 and the 4th Amendment to the Constitution of the United States - Unreasonable Search and Seizure - Seizure of Gabriel

3.  Count III  Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Substantive Due Process

4.  Count IV  Violation of Civil Rights Under 42 U.S.C. 1983 and the 5th Amendment to the Constitution of the United States - Deprivation of Liberty - Detention of Gabriel

5.  Count V  Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Procedural Due Process - Seizure of Pedro

6.  Count VI  Violation of Civil Rights Under 42 U.S.C. 1983 and the 4th Amendment to the Constitution of the United States - Unreasonable Search and Seizure - Seizure of Pedro

7.  Count VII  Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Substantive Due Process

8.  Count VIII  Violation of Civil Rights Under 42 U.S.C. 1983 and the 5th Amendment to the Constitution of the United States - Deprivation of Liberty - Detention of Pedro

9.  Count IX  Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Equal Protection

10.  Count X  Violation of Civil Rights Under the 8th Amendment to the Constitution of the United States - Cruel and Unusual Punishment  Inflicted - Intentional Infliction of Emotional Distress

| 11. | Count XI | Violation of Civil Rights Under the 1st Amendment to the Constitution of the United States - Abridging the Freedom of Speech |
| 12. | Count XII | Defendants' Liability Under 18U.S.C. § 241 - Conspiracy Against Rights |
| 13. | Count XIII | Defendants' Liability under 18 U.S.C. § 242 - Deprivation of Rights Under Color of Law |
| 14. | Count XIV | Defendants' Liability under 18 U.S.C. § 1964 - Racketeer Influenced and Corrupt Organizations Act (RICO) |
| 15. | Count XV | Violation of the Pennsylvania Constitution, Article 1, Section 1, Due Process |
| 16. | Count XVI | Violation of the Pennsylvania Constitution, Article 1, Section 8 Unreasonable Search and Seizure |
| 17. | Count XVII | Violation of the Pennsylvania Constitution, Article1, Section 26 - Equal Protection |
| 18. | Count XVIII | Violation of the Pennsylvania Constitution, Article 6, Section 3, Oath of Office |
| 19. | Count XIX | Kidnapping - Federal |
| 20. | Count XX | Kidnapping - State |
| 21. | Count XXI | Hostage Taking |
| 22. | Count XXII | Endangering the Welfare of a Child - Gabriel |
| 23. | Count XXIII | Endangering the Welfare of a Child - Pedro |
| 24. | Count XXIV | False Imprisonment |
| 25. | Count XXV | Intentional Infliction of Emotional Distress |
| 26. | Count XXVI | Abuse of Process |
| 27. | Count XXVII | Wrongful Use of Civil Proceedings |
| 28. | Count XXVIII | Invasion of Privamccys (sic) |

| 29. | Count XXIX | Legal Malpractice - Williamson |
|-----|------------|--------------------------------|
| 30. | Count XXX | Legal Malpractice - Cohen |
| 31. | Count XXXI | Legal Malpractice - Pazahanich |
| 32. | Count XXXII | Legal Malpractice - Weekes |
| 33. | Count XXXIII | Legal and Judicial Malpractice |
| 34. | Count XXXIII [1] | Abuse of Office |
| 35. | Count XXXIV | State Liability Under 23 Pa. C.S.A. §§ 6302 and 6383-6384 et al. |
| 36. | Count XXXV | County Liability Under 23 Pa. C.S.A. § 63 |
| 37. | Count XXXVI | Damages to Religious Rights Under 1st Amendment of the Constitution of the United States and Article 1 Section 3 of the Commonwealth Constitution of Pennsylvania |
| 38. | Count XXXVII | Abduction |
| 39. | Count XXXVIII | Deprivation of Familial Rights |
| 40. | Count XXXIV | Physical Damages |
| 41. | Count XXXV | Punitive Damages |

On November 29, 2004, Plaintiffs filed an amended complaint.  (Doc. 2.)  The amended complaint consisted of the first five pages of the original Complaint with a different spelling of a defendant's name.  Plaintiffs then filed an amendment to complaint (Doc. 3) on December 8, 2004.  Both the amended complaint and the amendment to complaint were stricken per Order dated April 11, 2005.  (Doc. 96.)  On December 22, 2004, the Plaintiffs were ordered to retain representation for their minor children within 20

---

[1] Plaintiffs repeat Count XXXIII, Count XXXIV, and Count XXXV.

days.  (Doc. 14.)  No counsel entered an appearance for the children and they were

dismissed from the suit on April 8, 2005.  (Doc. 90.)  Defendants President Judge Ronald

Vican, Judge Margherita P. Worthington, David Williamson, Mark Pazuhanich, District

Attorney's Office of Monroe County, Elizabeth Weekes, Judy Munoz, Colleen Cooper,

and Foster Care Division of Monroe County filed the nine motions to dismiss presently

before the Court. (Docs. 4, 9, 12, 16, 19, 39, 41, 52, 54.)  Five of the nine motions are

titled as motions to dismiss the amended complaint.  (Docs. 4, 9, 41, 52, 54.)  Because

the motions address the underlying claims in the original Complaint, I will treat four of the

five as motions to dismiss the original Complaint.[2]  (Docs. 4, 9, 41, 52.)  Plaintiff filed

briefs in opposition to the motions to dismiss.  These matters are now ripe for disposition.

### LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

a complaint, in whole or in part, for failure to state a claim upon which relief can be

granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint

as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be

granted under any set of facts consistent with the allegations in the complaint."  *Trump

Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the

complaint, exhibits attached to the complaint and matters of public record.  *See Pension

Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

---

[2]  The remaining motion (Doc. 54), filed by Defendant Williamson, must be read as
a motion to dismiss the amended complaint because Defendant Williamson also
filed a motion to dismiss the original Complaint (Doc. 19) and an amended motion
to dismiss the original Complaint (Doc. 39).

The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

The Third Circuit Court of Appeals has emphasized a policy of liberally interpreting *pro se* complaints, so Plaintiff's complaint should be held to less stringent standards than formal pleadings drafted by lawyers. *See Weaver v. Wilcox*, 650 F.2d 22, 26 (3d Cir. 1981); *Henderson v. Fisher*, 631 F.2d 1115, 1117 (3d Cir. 1980); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

## DISCUSSION

### a.    Standing

Defendants raise a number of issues in their motions to dismiss concerning lack of standing. Standing doctrine determines whether a litigant is entitled to have the court

decide the merits of a dispute or of particular issues.  *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).  The requirement of standing has a core component that is derived directly from the Constitution and embraces several judicially self-imposed limits on the exercise of federal jurisdiciton.  *Id.* at 751.  One such limit is the general prohibition on litigants raising another person's legal rights.  *Id.*  Plaintiffs run afoul of this limitation in two ways.  First, they raise criminal offenses in the Complaint, and second, they attempt to bring claims on behalf of their minor children without having secured counsel to represent them.

### i.    Criminal Offenses

In American jurisprudence "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Plaintiffs include counts alleging criminal offenses in their Complaint.  To the degree Plaintiffs are asserting that Defendants should be charged with these offenses, they have no legally recognizable interest in Defendants' prosecution.  Counts XII (Conspiracy Against Rights), XIII (Deprivation of Rights Under Color of Law), XVIII (Oath of Office)[3], XIX (Kidnapping - Federal), XX (Kidnapping - State), XXI (Hostage Taking), XXII (Endangering the Welfare of a Child - Gabriel), XXIII (Endangering the Welfare of a Child - Pedro), and XXXIII (Abuse of Office) of the Complaint will be dismissed for lack of standing.  Count XIV of the Complaint will also be dismissed to the degree it asserts that Defendants should be charged with violations of 18 U.S.C. § 1961 *et seq.,* the Racketeer

---

[3] *See, e.g., Digianvittorio v. D'Antonioi*, No. 96-6781, 1997 U.S. Dist. LEXIS 216, at *13-14 (E.D. Pa. 1997) ("Nor does Section 1983 provide Plaintiff with a cause of action for perjury or violation of an Oath of Office . . . .").

Influenced and Corrupt Organizations Act (RICO).[4]

In addition, Defendants Mark Pazuhanich and the District Attorney's Office of Monroe County will be dismissed from Plaintiffs' suit.  Plaintiffs' only allegations against these Defendants is that they failed to criminally prosecute the other Defendants in Plaintiffs' suit.  As stated above, Plaintiffs have no legally recognizable interest in the criminal prosecution of the Defendants. Therefore, I will grant the Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) on Behalf of Defendants, Mark Pazuhanich and District Attorney's Office of Monroe County (Doc. 9).

### ii.   Children's claims

Non-lawyer parents who proceed *pro se* may not represent their children in federal proceedings in the Third Circuit Court of Appeals.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3rd Cir. 1998) (citing *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 883 (3d Cir. 1991)) ("It is . . . well-established in this Circuit that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court.").  As the Third Circuit Court of Appeals has explained, the purpose of this rule is to protect the interests of the children: "[I]t is not in the interest of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Osei-Afriyie*, 937 F.2d at

---

[4] Violations of RICO §1962 are criminal offenses.  However, "any person injured in his business or property by reason of a violation of section 1962" has a civil action for treble damages under 18 U.S.C. § 1964(c).  *See Gilbert v. Prudential-Bache Securities, Inc.,* 769 F.2d 940, 941 (3d Cir. 1985).  Plaintiffs' potential civil claim must be evaluated for failure to state a claim.

883 (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)).  As stated previously, Plaintiffs were ordered to retain representation for their children within 20 days of December 22, 2004.  (Doc. 14.)  No counsel entered an appearance within the 20 days allowed by the Court and the children were dismissed from the case by Order of the Court dated April 8, 2005.  (Doc. 90.)  As such, all claims in the Complaint that address the rights of the minor children will be dismissed.

### b.      Uncontested Motion to Dismiss

Defendant Cooper filed a motion to dismiss asserting that Plaintiffs failed to state a cognizable cause of action against her.  In their response, Plaintiffs acknowledge that they have failed to state any claims against Defendant Cooper.  (Doc. 47.)  As Defendant's motion is uncontested, I will grant the Motion to Dismiss of Defendant, Colleen Cooper, M.D. Pursuant to F.R.C.P. 12(b)(6) (Doc. 16).  All claims against Defendant Cooper will be dismissed.

### c.      Not a Separate Entity

Plaintiffs have named both Monroe County and the Foster Care Division of Monroe County as Defendants.  Defendant Foster Care Division is merely a sub-unit of Monroe County and, therefore, simplification of the case warrants dismissal of Defendant Foster Care Division.  *See Patterson v. Armstrong County Children & Youth Servs.*, 141 F. Supp. 2d 512, 542 (W.D. Pa. 2001).  As such, I will grant the Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) on Behalf of Defendant, Foster Care Division of Monroe County (Doc. 52) to the degree it seeks dismissal of Defendant Foster Care Division.  The motion will be denied to the extent it seeks dismissal of the

claims against Monroe County.[5]

### d.   Absolute Immunity

Immunity gives individuals the ability to perform their tasks and apply their discretion without fear or threat of retaliation.  *See Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001).  Defendants President Judge Vican, Judge Worthington, Williamson, Pazuhanich, District Attorney's Office of Monroe County, Weekes, and Munoz argue that they have absolute immunity from suit.  For the reasons set out below, I find that each of the Defendants are immune.

### i.   President Judge Ronald Vican & Judge Margherita P. Worthington

A judge acting in their judicial capacity, within their jurisdiction, is absolutely immune from suit.  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  When parties deal with a judge in their judicial capacity and they perform a function normally performed by a judge, the judge is entitled to full immunity for their actions.  *Id.* at 362.  First, Plaintiffs allege that President Judge Vican failed to perform his duties as President Judge of the Monroe County Court of Common Pleas by not demanding that Judge Worthington return the Plaintiffs' children.  (Doc. 1 ¶¶ 440-42.)   Plaintiffs do not make any other allegations that involve President Judge Vican.  As such, President Judge Vican is entitled to immunity from Plaintiffs' suit regarding decisions he made during the performance of his duties as president judge.  All claims against President Judge Vican will be dismissed.  Second, it is uncontested that Judge Worthington acted within her jurisdiction.  Plaintiffs

---

[5] Defendant Monroe County has filed a separate motion to dismiss (Doc. 38) not presently before the Court.

claim only that Judge Worthington was involved in an *in camera* meeting, held a side-bar with counsel during proceedings, and questioned a witness on the stand.  (Doc. 1 ¶¶ 95, 117, 118.)  Such actions are clearly functions normally performed by a judge.  As such, Judge Worthington is immune from Plaintiffs' suit.  Therefore, I will grant Judicial Defendants' Motion to Dismiss Plaintiffs' Complaint and Amended Complaint (Doc. 12). All claims against President Judge Vican and Judge Worthington will be dismissed.

### ii.    David Williamson - Gaurdian ad litem

When performing certain duties, guardian ad litems are entitled to absolute judicial immunity.  *Hughes*, 242 F.3d at 127.  "A guardian ad litem would be immune in exercising such functions as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court in which the guardian acts as an actual functionary or arm of the court . . . ."  *Gardener v. Parson*, 874 F.2d 131, 146 (3rd Cir. 1989).  Plaintiffs assert only that Defendant WIlliamson was involved in a side-bar, an *in camera* meeting, and that he failed to file an emergency petition or follow through with Plaintiffs' complaints about the children's medical and psychological care while they were in protective custody.  (Doc. 1 ¶¶ 117, 118, 126, 205.)  As noted earlier, Plaintiffs' minor children have been dismissed from this suit and Plaintiffs may not assert claims addressing the rights of the children.  Plaintiffs' remaining allegations clearly pertain to protected functions of a guardian ad litem.  As such, Defendant Williamson is entitled to absolute immunity.

Defendant Williamson concludes his motion to dismiss by requesting the Court to impose sanctions on Plaintiffs.  Defendant Williamson has not properly motioned for

sanctions against Plaintiffs, and the Court will not impose them through its own initiative. Under Rule 11(c)(1)(A), if Defendant Williamson seeks to allege that Plaintiffs have violated Rule 11, he must do so in a separate motion.  *See Diamond Triumph Auto Glass Inc. v. Safelite Glass Corp.*, 344 F. Supp. 2d 936, 944 n.6 (M.D. Pa. 2004).  Absent a motion for sanctions, Rule 11 allows sanctions to be imposed against a party through the Court's inherent power and its own initiative.  Circumstances that may justify sanctions pursuant to a court's inherent power include "cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . ."  *In re: Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).  When acting on its own initiative, however, a district court should first enter an order describing the specific conduct that it believes will warrant sanctions and direct the person it seeks to sanction to show cause why particular sanctions should not be imposed.  *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995).  Additionally, the Court may take Plaintiffs' status as *pro se* litigants into account when considering the appropriateness of Rule 11 sanctions.  *Martin v. Farmers First Bank*, No. 92-6169, 1993 U.S. Dist. LEXIS 9115, at *27 (E.D. Pa. July 7, 1993) (citing *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990); *see also Hammond v. Creative Fin. Planning Org.*, No. 91-2257, 1992 WL 176404, at *3 (E.D. Pa. July 15, 1992).  Taking into account the *pro se* status of Plaintiffs, the Court will not impose sanctions on Plaintiffs through its own initiative.  Defendant Williamson's request for sanctions will be denied.  I will grant the remainder of Defendant Williamson's amended motion to dismiss the Complaint (Doc. 39).  I will deny his original motion to dismiss (Doc.

19) as moot.  Lastly, I will deny Defendant Williamson's motion to dismiss the Plaintiffs' amended complaint (Doc. 54) as moot pursuant to the Order dated April 11, 2005 (Doc. 96) striking the Plaintiffs' amended complaint and amendment to complaint (Docs. 2, 3).

### iii.   Elizabeth  Weekes - Counsel

Caseworkers and attorneys who prosecute dependency proceedings  "are entitled to absolute immunity for their actions in petitioning and in formulating and making recommendations to the state court . . . ."  *See Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 486-88 (3d Cir. 1997).  Defendant Weekes appeared as counsel for Monroe County Children and Youth Services in the dependency proceedings. Plaintiffs allege only that Defendant Weekes filed an emergency petition for a dependency hearing and advocated her client's position in the dependency proceedings. Therefore, Defendant Weekes is entitled to absolute immunity.  As such, I will grant the Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) on Behalf of Defendant, Elizabeth Weekes (Doc. 4).

### iv.   Judy Munoz - Court Appointed Psychologist

Defendant Munoz was appointed by the Court of Common Pleas of Monroe County to perform psychological evaluations on Plaintiffs' minor children.  (Doc. 1 ¶ 23.) Plaintiffs assert that Defendant Munoz was negligent in making her recommendation because she failed to notice that the children were allegedly mis-medicated, and that her appointment should not have been made by the court because the petition before the court was allegedly faulty.  Neither of these allegations destroy the immunity Defendant Munoz is entitled to as an appointed psychologist performing functions integral to the

14

judicial process.  *See Hughes*, 242 F.3d at 127.  Defendant Munoz is immune from Plaintiffs' suit and, therefore, I will grant Defendant Munoz's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 41).

## CONCLUSION

Defendants President Judge Vican, Judge Worthington, David Williamson, Elizabeth Weekes, Judy Munoz, Colleen Cooper, Mark Pazuhanich, District Attorney's Office of Monroe County, and Foster Care Division of Monroe County will be dismissed. First, Plaintiffs have no legally recognizable interest in the prosecution of criminal offenses and, as such, Plaintiffs have failed to allege that Defendant Pazuhanich and the District Attorney's Office of Monroe County violated their rights.  In addition, Defendant Cooper's motion to dismiss is uncontested.  Moreover, Defendant Foster Care Division is merely a sub-unit of a remaining defendant, Monroe County.  And lastly, Defendants President Judge Vican, Judge Worthington, Williamson, Weekes, and Munoz are entitled to immunity from suit.  As such, I will grant five of the nine motions to dismiss before the Court in their entirety (Docs. 4, 9, 12, 16, 41); I will deny two of the motions (Docs. 19, 54); and I will grant two of the motions in part and deny them in part (Docs. 39, 52).

 September 12, 2005            /s/ A. Richard Caputo  
Date                                A. Richard Caputo  
                                         United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRUCE BAYER and ANGELA BAYER
PRO SE,

     Plaintiffs,

          v.

MONROE COUNTY CHILDREN &
YOUTH SERVICES, et al.,

     Defendants.

NO. 3:04-CV-2505

(JUDGE CAPUTO)

## ORDER

    **NOW**, this __12th__ day of September, 2005, **IT IS HEREBY ORDERED** that

Defendants' nine motions to dismiss (Docs. 4, 9, 12, 16, 19, 39, 41, 52, 54) are resolved

as follows:

    (1)    Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)
              on Behalf of Defendant, Elizabeth Weekes (Doc. 4) is **GRANTED**.  All
              claims against Elizabeth Weekes are **DISMISSED**.

    (2)    Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)
              on Behalf of Defendants, Mark Pazuhanich and District Attorney's Office of
              Monroe County (Doc. 9) is **GRANTED**.  All claims against Mark Pazuhanich
              and the District Attorney's Office of Monroe County are **DISMISSED**.

    (3)    Judicial Defendants' Motion to Dismiss Plaintiffs' Complaint and Amended
              Complaint (Doc. 12) is **GRANTED**.  All claims against President Judge
              Ronald Vican and Judge Margherita P. Worthington are **DISMISSED**.

    (4)    Motion to Dismiss of Defendant, Colleen Cooper, M.D. Pursuant to F.R.C.P.
              12(b)(6) (Doc. 16) is **GRANTED**.  All claims against Colleen Cooper, M.D.
              are **DISMISSED**.

    (5)    Defendant Munoz's Motion to Dismiss Plaintiffs' Amended Complaint
              Pursuant to Rule 12(b)(6) (Doc. 41) is **GRANTED**.  All claims against Judy
              Munoz are **DISMISSED**.

(6)   Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) on Behalf of Defendant, Foster Care Division of Monroe County (Doc. 52) is **GRANTED in part** and **DENIED in part** as follows:

     (a)   Defendant's Motion to Dismiss insofar as it seeks dismissal of Defendant Foster Care Division of Monroe County is **GRANTED**.  All claims against Defendant Foster Care Division of Monroe County are **DISMISSED**.

     (b)   Defendant's request for dismissal of claims against Monroe County is **DENIED**.

(7)   Amended Motion of Defendant, David Williamson, Esquire to Dismiss Any and All Claims Raised Against Defendant, David Williamson, Esquire Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief May be Granted and Motion of Defendant, David Williamson, Esquire for Sanctions Against Plaintiff (Doc. 39) is **GRANTED in part** and **DENIED in part** as follows:

     (a)   Defendant Williamson's request for sanctions is **DENIED**.

     (b)   Remainder of Defendant's Motion to Dismiss is **GRANTED**. All claims against Defendant David Williamson are **DISMISSED**.

(8)   Motion of Defendant, David Williamson, Esquire to Dismiss Any and All Claims Against Him Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted and Motion of Defendant, David Williamson, Esquire for Sanctions Against Plaintiff (Doc. 54) is **DENIED** as moot.

(9)   Motion of Defendant, David Williamson, Esquire to Dismiss Paragraphs 118, 122, 126, 205, 279, 315, 322, 323, and 466, Along With Counts XXIX and XXXIII of Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief May be Granted and Motion of Defendant, David Williamson, Esquire for Sanctions Against Plaintiff (Doc. 19) is **DENIED** as moot.

                /s/ A. Richard Caputo
                A. Richard Caputo
                United States District Judge