**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRUCE BAYER and ANGELA BAYER
PRO SE,

     Plaintiffs,

        v.

MONROE COUNTY CHILDREN &
YOUTH SERVICES, et al.,

     Defendants.

CIVIL ACTION NO. 3:04-CV-2505

(JUDGE CAPUTO)

## TABLE OF CONTENTS

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

PROCEDURAL BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

1)  Lack of Subject Matter Jurisdiction  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9
2)  Failure to State a Claim  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9
    a)  Racketeer Influenced and Corrupt Organizations Act . . . . . . . . . . . . . . .  10
    b)  Section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10
        i)  Constitutional Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11
            (1)  First Amendment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11
            (2)  Eighth Amendment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11
            (3)  Fourteenth Amendment Equal Protection Clause  . . . . . . .  12
            (4)  Fourteenth Amendment Due Process Clause . . . . . . . . . .  13
               (a) Procedural Due Process  . . . . . . . . . . . . . . . . . . . . .  13
               (b) Substantive Due Process . . . . . . . . . . . . . . . . . . . . .  14
        ii)  Under Color of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16
            (1)  State Actors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16
            (2)  Supervisor Liability - Karle, Asure, Nothstein, Bahl,
                Browning, Geese and Nolls . . . . . . . . . . . . . . . . . . . . . .  17
            (3)  *Monell* Liability - Monroe County / MCCYS . . . . . . . . . . .  18
        iii)  Immunity Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19
    c)  State Law Claims  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20
        i)  Pennsylvania Constitutional Rights  . . . . . . . . . . . . . . . . . . . . . .  21

(1)    Article I, Section 26: Equal Protection . . . . . . . . . . . . . . . 21
(2)    Article I, Section 1: Due Process . . . . . . . . . . . . . . . . . . . . 21
ii)    Abuse of Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
iii)    Invasion of Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
iv)    Malpractice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
v)    Intentional Infliction of Emotional Distress . . . . . . . . . . . . . . . . . 25
vi)    Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## MEMORANDUM

Presently before the Court are nine separate motions to dismiss filed by various Defendants. (Docs. 6, 24, 29, 38, 50, 60, 70, 71, 107.) Collectively, the motions raise the following challenges: lack of subject matter jurisdiction, immunity defenses, failure to plead properly under Rule 8 of the Federal Rules of Civil Procedure, and failure to state a claim upon which relief may be granted. For reasons set forth below, I will grant five of the motions to dismiss in their entirety. (Docs. 6, 24, 38, 50, 107.) I will deny two of the motions. (Docs. 70, 71.) Lastly, I will grant two of the motions in part and deny them in part. (Docs. 29, 60.) The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

## FACTUAL BACKGROUND

Accepting the allegations in the Complaint as true, as required when reviewing a 12(b)(6) motion, the relevant facts are as follows: On January 10, 2003, Plaintiffs Bruce and Angela Bayer were served with a protection order signed by Detective Michael Robson of the Pocono Mountain Regional Police Department. (Doc. 1 ¶ 42.) Pursuant to that order, Plaintiffs' minor children were removed from their home and placed in protective custody with Monroe County Children and Youth Services (hereinafter

MCCYS), while the children's biological father was investigated on alleged sexual abuse charges.  (Doc. 1  ¶¶ 43, 49.)  Plaintiffs assert that the protection order was defective. (Doc. 1  ¶¶ 137-42.)   Plaintiffs further assert that the children's biological father resided at a different address, and that there was no justifiable reason for removing the children from their care pending the investigation.  (Doc. 1 ¶¶ 58, 140.)  On January 14, 2003, MCCYS filed for an emergency petition which was heard before Judge Margherita P. Worthington on January 16, 2003.  (Doc. 1  ¶ 85.)  Plaintiffs assert that the protection order was valid for only 72 hours and that, therefore, the children were improperly held in protective services at the time of the petition on January 14, 2003.  *Id.*  In addition, Plaintiffs assert that Defendants continually attempted to coerce them into signing papers voluntarily surrendering their children during the four days the minor children were in protective custody prior to the filing of a dependency petition.  (Doc. 1 ¶¶ 51-53, 61-62.) At the January 16, 2003 hearing on the petition, Plaintiff Angela upon the advice of her counsel agreed to continue the hearing until February 20, 2003.  (Doc. 1  ¶ 100.)  Plaintiff Angela asserts that she was under duress when she agreed to the continuance.  *Id.* Pending the hearing on February 20, 2003, Judge Worthington granted custody of the minor children to MCCYS.  (Doc. 1 ¶ 102.)  On January 28, 2003, the sexual abuse case against the children's biological father was deemed unfounded.  (Doc. 1 ¶ 125.)  Plaintiffs assert that various Defendants negligently failed to petition for the children's release from protective services after this date and prior to the dependancy hearing on February 20, 2003.  (Doc. 1 ¶¶ 125-32.)  Plaintiffs further allege that during their placement in protective custody the Plaintiffs' minor children received inadequate medical and psychological care.  (Doc. 1 ¶¶ 152-69.)  At the hearing on February 20, 2003, Judge

Worthington denied MCCYS' petition and returned Plaintiffs' minor children to their care. (Doc. 1 ¶ 160.)

## PROCEDURAL BACKGROUND

On November 18, 2004, Plaintiffs filed, *pro se,* a two-hundred (200) page Complaint raising forty-one (41) claims against thirty-one (31) Defendants.  In the Complaint, Plaintiffs assert the following claims on behalf of themselves and their minor children:

1.    Count I    Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Procedural Due Process - Seizure of Gabriel

2.    Count II    Violation of Civil Rights Under 42 U.S.C. 1983 and the 4th Amendment to the Constitution of the United States - Unreasonable Search and Seizure - Seizure of Gabriel

3.    Count III    Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Substantive Due Process

4.    Count IV    Violation of Civil Rights Under 42 U.S.C. 1983 and the 5th Amendment to the Constitution of the United States - Deprivation of Liberty - Detention of Gabriel

5.    Count V    Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Procedural Due Process - Seizure of Pedro

6.    Count VI    Violation of Civil Rights Under 42 U.S.C. 1983 and the 4th Amendment to the Constitution of the United States - Unreasonable Search and Seizure - Seizure of Pedro

7.    Count VII    Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Substantive Due Process

8.    Count VIII    Violation of Civil Rights Under 42 U.S.C. 1983 and the 5th Amendment to the Constitution of the United States

4

|   |   | - Deprivation of Liberty - Detention of Pedro |
|---|---|---|
| 9. | Count IX | Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Equal Protection |
| 10. | Count X | Violation of Civil Rights Under the 8th Amendment to the Constitution of the United States - Cruel and Unusual Punishment  Inflicted - Intentional Infliction of Emotional Distress |
| 11. | Count XI | Violation of Civil Rights Under the 1st Amendment to the Constitution of the United States - Abridging the Freedom of Speech |
| 12. | Count XII | Defendants' Liability Under 18U.S.C. § 241 - Conspiracy Against Rights |
| 13. | Count XIII | Defendants' Liability under 18 U.S.C. § 242 - Deprivation of Rights Under Color of Law |
| 14. | Count XIV | Defendants' Liability under 18 U.S.C. § 1964 - Racketeer Influenced and Corrupt Organizations Act (RICO) |
| 15. | Count XV | Violation of the Pennsylvania Constitution, Article 1, Section 1, Due Process |
| 16. | Count XVI | Violation of the Pennsylvania Constitution, Article 1, Section 8 Unreasonable Search and Seizure |
| 17. | Count XVII | Violation of the Pennsylvania Constitution, Article1, Section 26 - Equal Protection |
| 18. | Count XVIII | Violation of the Pennsylvania Constitution, Article 6, Section 3, Oath of Office |
| 19. | Count XIX | Kidnapping - Federal |
| 20. | Count XX | Kidnapping - State |
| 21. | Count XXI | Hostage Taking |
| 22. | Count XXII | Endangering the Welfare of a Child - Gabriel |

23.     Count XXIII              Endangering the Welfare of a Child - Pedro

24.     Count XXIV              False Imprisonment

25.     Count XXV               Intentional Infliction of Emotional Distress

26.     Count XXVI              Abuse of Process

27.     Count XXVII             Wrongful Use of Civil Proceedings

28.     Count XXVIII           Invasion of Privamccys (sic)

29.     Count XXIX              Legal Malpractice - Williamson

30.     Count XXX               Legal Malpractice - Cohen

31.     Count XXXI              Legal Malpractice - Pazahanich

32.     Count XXXII             Legal Malpractice - Weekes

33.     Count XXXIII           Legal and Judicial Malpractice

34.     Count XXXIII[1]        Abuse of Office

35.     Count XXXIV           State Liability Under 23 Pa. C.S.A. §§ 6302 and 6383-6384 et al.

36.     Count XXXV            County Liability Under 23 Pa. C.S.A. § 63

37.     Count XXXVI          Damages to Religious Rights Under 1st Amendment of the Constitution of the United States and Article 1 Section 3 of the Commonwealth Constitution of Pennsylvania

38.     Count XXXVII        Abduction

39.     Count XXXVIII       Deprivation of Familial Rights

40.     Count XXXIV           Physical Damages

41.     Count XXXV            Punitive Damages

---

[1] Plaintiffs repeat Count XXXIII, Count XXXIV, and Count XXXV in the Complaint

On November 29, 2004, Plaintiffs filed an amended complaint.  (Doc. 2.)  The amended complaint consisted of the first five pages of the original Complaint with a different spelling of a defendant's name.  Plaintiffs then filed an amendment to complaint (Doc. 3) on December 8, 2004.  Both the amended complaint and the amendment to complaint were stricken per Order dated April 11, 2005.  (Doc. 96.)  On December 22, 2004, the Plaintiffs were ordered to retain representation for their minor children within 20 days.  (Doc. 14.)  No counsel entered an appearance for the children and they were dismissed from the suit on April 8, 2005.  (Doc. 90.)  On September 12, 2005, the Court reiterated that all claims addressing the rights of the minor children had been dismissed and granted the motions to dismiss of defendants President Judge Ronald Vican, Judge Margherita P. Worthington, David Williamson, Mark Pazuhanich, District Attorney's Office of Monroe County, Elizabeth Weekes, Dr. Judy Munoz, Dr. Colleen Cooper, and Foster Care Division of Monroe County.  (Doc. 111.)  Collectively, the remaining Defendants filed the nine motions to dismiss presently before the Court.  (Docs. 6, 24, 29, 38, 50, 60, 70, 71, 107.)  Many of the nine motions are titled as motions to dismiss the amended complaint.  However, they address the underlying claims in the original Complaint and I will treat them as motions to dismiss the original Complaint.  These matters are now ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be

granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

The Third Circuit Court of Appeals has emphasized a policy of liberally interpreting *pro se* complaints, so Plaintiff's complaint should be held to less stringent standards than formal pleadings drafted by lawyers. *See Weaver v. Wilcox*, 650 F.2d 22, 26 (3d Cir.

1981); *Henderson v. Fisher*, 631 F.2d 1115, 1117 (3d Cir. 1980); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

## DISCUSSION

**1.      Lack of Subject Matter Jurisdiction**

Plaintiffs assert that the Commonwealth of Pennsylvania, through its failure to prevent or correct allegedly unlawful actions taken by MCCYS, is responsible for the Plaintiffs' damages.  (Doc. 1, ¶ 453.)  The Commonwealth of Pennsylvania asserts that it has Eleventh Amendment immunity from suit.  I will treat Defendant's Eleventh Amendment argument as a motion to dismiss for lack of subject matter jurisdiction under Rule12(b)(1) of the Federal Rules of Civil Procedure.  The Supreme Court has held that "[w]ithout jurisdiction the court cannot proceed at all in any cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

The Eleventh Amendment provides states with immunity from suit in federal court. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996).  This immunity is jurisdictional in nature.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.8 (1984).  Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity.  *See* 42 PA. CONS. STAT. ANN. § 8521(b) (2004).  Thus, the Court lacks jurisdiction over Plaintiffs' claims against the Commonwealth.  As such, I will grant the Commonwealth's motion to dismiss and all claims against the Commonwealth will be dismissed.

**2.      Failure to State a Claim**

Plaintiffs' federal claims allege violations of RICO and § 1983.  Specifically,

Plaintiffs' § 1983 claims allege violations of their First Amendment free speech, Eighth

Amendment, and Fourteenth Amendment equal protection and due process rights.  The

Complaint also contains state law claims for alleged violations of Plaintiffs' rights under

Pennsylvania's Constitution, invasion of privacy, malpractice, intentional infliction of

emotional distress, and punitive damages.  Defendants assert that Plaintiffs fail to state a

claim for each of these alleged violations and that, in the alternative, they are entitled to

immunity from suit.

> **a.     Racketeer Influenced and Corrupt Organizations Act**

Under RICO, "any person injured in his business or property by reason of a

violation of section 1962" of the Act has a civil action for treble damages.  18 U.S.C. §

1964(c) (2005); *see also Gilbert v. Prudential-Bache Sec., Inc.,* 769 F.2d 940, 941 (3d

Cir. 1985).  Plaintiffs fail to allege any relevant injury or violation of section 1962.  As

such, count XIV of Plaintiffs' Complaint will be dismissed for failure to state a claim.

> **b.     Section 1983**

Plaintiffs next allege that Defendants violated  § 1983, which provides that:

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage . . . subjects, or causes to be
> subjected, any citizen of the United States or other
> persons within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured .
> . . .

Two elements must be present in order to state a § 1983 claim: (1) the conduct

complained of must have deprived Plaintiffs of rights, privileges and immunities secured

by the Constitution or laws of the United States; and (2) the conduct must have been

committed by a person acting under color of state law.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d. Cir. 1993).

### i.    Constitutional Rights

Plaintiffs allege that Defendants are liable under § 1983 for violations of their constitutional rights under the First Amendment free speech clause, the Eighth Amendment, and the Fourteenth Amendment equal protection and due process clauses. Plaintiffs also included claims under the Fifth Amendment, Fourth Amendment and First Amendment free exercise of religion clause in the Complaint, however, these claims address the rights of their minor children and have been dismissed.  (Doc. 111.) Defendants contend that no violations of Plaintiffs' constitutional rights have occurred.

### (1)    First Amendment

In Count XI of the Complaint, Plaintiffs allege that Defendants violated their rights under the First Amendment by requiring "execution of said document abridging Plaintiff's freedom of speech."  (Doc. 1 ¶ 336.)   Plaintiffs, however, fail to identify any specifics about the alleged restrictions.  The Court need not assume that Plaintiffs can prove facts that were not alleged in the Complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions."  *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  Plaintiffs have failed to state a claim for violation of their First Amendment rights.

### (2)    Eighth Amendment

Plaintiffs allege that they were subjected to cruel and unusual punishment in violation of the Eighth Amendment through Defendants' alleged intentional infliction of

emotional distress.  Plaintiffs' claim is an allegation of intentional infliction of emotional distress erroneously articulated as a violation of the Eighth Amendment.  Additionally, the Supreme Court has found the Eighth Amendment right to be free from cruel and unusual punishment inapplicable outside the criminal process. *See Ingraham v. Wright*, 430 U.S. 651, 667-68 (1977).  There has been no criminal proceeding in this case, and, as such, Plaintiffs' claims of cruel and unusual punishment in violation of the Eighth Amendment are invalid.  Therefore, I will grant Defendants' motions to dismiss with regard to this claim.

### (3)      Fourteenth Amendment Equal Protection Clause

The Equal Protection Clause states: "[No state shall] deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.  The Equal Protection Clause grants to all citizens "the right to be free from invidious discrimination in statutory classifications and other governmental activity."  *Harris v. McRae*, 448 U.S. 297, 322 (1980).  Therefore, the Equal Protection Clause requires that all similarly situated persons be treated in a similar manner.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  Further, a single act against one individual can be a violation of the Equal Protection Clause if it is proven that discrimination against the individual occurred because of their membership in a particular class.  *See, e.g., Bohen v. City of East Chicago*, 799 F.2d 1180, 1186-87 (7th Cir. 1986).

Viewing the Complaint in the light most favorable to Plaintiffs, no discrimination based on membership in a particular class has been alleged.  As I stated earlier, the Court need not assume that Plaintiffs can prove facts that were not alleged in the

Complaint, *see City of Pittsburgh*, 147 F.3d at 263, nor credit a complaint's "bald

assertions." *Morse,* 132 F.3d at 906.  Plaintiffs have failed to state a claim for violation of

their rights under the Equal Protection Clause.

### (4)    Fourteenth Amendment Due Process Clause

Plaintiffs allege violations of their Fourteenth Amendment due process rights.

Parents have a protected liberty interest in "the custody, care and management of their

children." *Miller v. City of Philadelphia*, 174 F.3d 368, 373 (3d Cir. 1999) (quoting

*Santosky v. Kramer,* 455 U.S. 745, 753 (1982)).  The Due Process Clause of the

Fourteenth Amendment prohibits government interference with family relationships

unless the government adheres to the requirements of procedural and substantive due

process.  *See Croft v. Westmoreland County Children & Youth Servs.*, 103 F.3d 1123,

1125 (3d Cir. 1997).

### (a)    Procedural Due Process

"The fundamental requirement of due process is the opportunity to be heard 'at a

meaningful time and in a meaningful manner.'" *Miller*, 174 F.3d at 373 (quoting *Matthews

v. Eldridge,* 424 U.S. 319, 333 (1976)).   In determining whether Plaintiffs' procedural due

process rights have been violated, the court must weigh: (1) the private interest affected

by the government action; (2) "the risk of an erroneous deprivation" of the private interest

through the procedures used by the government, and the probable value, if any, of

additional or substitute procedural safeguards; and (3) the government's interest,

including the government function at issue and the fiscal and administrative burdens that

additional or substitute procedural safeguards would require.  *Miller*, 174 F.3d at 373

(quoting *Matthews,* 424 U.S. at 333).  "A constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

First, Plaintiffs allege violations of their procedural due process rights in Counts I and V of the Complaint.  These claims differ only in their assertions regarding the rights of the minor children that were dismissed from suit.  As such, Count V will be dismissed as repetitive.  Second, Plaintiffs assert that Defendants failed to initiate an informal hearing within 72 hours after the children were taken into protective custody as mandated by 23 PA. CONS. STAT. ANN. § 6315(d) (2004), and thus violated their procedural due process rights under the Fourteenth Amendment.  (Doc. 1 ¶ 59.)  According to the facts alleged in the Complaint, Plaintiffs' minor children were taken into protective custody on January 10, 2003, but Defendants in charge of Plaintiffs' case at MCCYS failed to filed a petition until January 14, 2003.  Thus, Plaintiffs have alleged enough in the Complaint to be entitled to offer evidence on their claim for violation of their procedural due process rights under the Fourteenth Amendment.  Defendants' motions to dismiss will be denied with regard to this claim.

### (b)      Substantive Due Process

Plaintiffs allege violations of their substantive due process rights to familial integrity in Counts III, VII, and XXXVIII of the Complaint.  These claims are redundant.  Therefore, Counts VII and XXXVIII of the Complaint will be dismissed.  Next, in determining whether Plaintiffs' rights to familial integrity have been violated the Court must balance Plaintiffs' liberty interests with the competing government interest in protecting children from

abusive parents.  *See Croft*, 103 F.3d at 1125.  "[D]isruption or disintegration of family life" as a result of MCCYS' or MCCYS caseworkers' actions to protect a child from alleged abuse "does not, in and of itself, constitute a constitutional deprivation."  *Id.* at 1125-26.  Allegations that MCCYS or its caseworkers were negligent, or lacked objectively reasonable grounds for a decision, also fail to rise to the level of a substantive due process violation.  *Miller,* 174 F.3d at 376.  Instead, Plaintiffs must show that the MCCYS or its caseworkers' actions "shocks the conscience."  *See id.* at 375.  The "shocks the conscience" test can only be met by evidence that Defendants' actions were grossly negligent or arbitrary.  *Rivas v. City of Passaic*, 365 F.3d 181, 195 (3d Cir. 2004).  Removal of children from their home absent an "objectively reasonable suspicion of abuse justifying the degree of interference" is an arbitrary abuse of power.  *Croft*, 103 F.3d at 1126.

Plaintiffs assert that their substantive due process rights to familial integrity were violated by Defendants through the allegedly unnecessary removal of their minor children pending the sexual abuse investigation of the children's biological father.  Further, Plaintiffs' Complaint can be readily interpreted as asserting that Detective Robson signed a blank protective order, allowing MCCYS to fill in the remaining information.  (Doc. 1 ¶ 138.)  Moreover, Plaintiffs assert that no investigation was being undertaken of the Plaintiffs and that the children's biological father resided at another address and had no immediate contact with the children.

At this stage of the proceedings, without further facts surrounding what actions were taken and what information was available to Defendants Dry, Geese and Robson

about the need to place the children in protective custody, it is unclear whether the

Defendants' actions "shock the conscience".   Reading the Complaint in the light most

favorable to the Plaintiffs, however, Defendants' alleged actions could have been

arbitrary or grossly negligent.  As such, Plaintiffs are entitled to offer evidence on their

claim for violation of their substantive due process rights to familial integrity.

### ii.   Under Color of Law

Plaintiffs allege that Defendants Bowman, Lamerton, Clatch, Rante, Loncola-

Hicks, Surrago, and Thornton are state actors for § 1983 purposes.  In addition, Plaintiffs

assert that Defendants Karle, Asure, Nothstein, Bahl, Browning, and Nolls are liable

under § 1983 as supervisors.  Lastly, Plaintiffs contend that Defendants MCCYS and

Monroe County have municipal liability under § 1983.  Defendants argue that they were

not acting under color of law for purposes of Plaintiffs' § 1983 claims.

### (1)   State Actors

An individual acts under color of state law when s/he exercises power

"possessed by virtue of state law and made possible only because the wrongdoer is

clothed with the authority of state law." *Abbott v. Latshaw,* 164 F.3d 141, 146 (3d Cir.

1998) (quoting *West v. Atkins,* 487 U.S. 42, 49 (1988)).  First, Plaintiffs' remaining claims

fail to assert the involvement of Defendants Bowman, Lamerton, Clatch, Rante, Loncola-

Hicks, Surrago, and Thornton in the alleged violations of their constitutional rights.

Plaintiffs' constitutional claims are limited to: (1) violation of their procedural due

process rights through filing of the dependency petition later than 72 hours after the

removal of Plaintiffs' minor children; and (2) violation of their substantive due process

rights to familial integrity under the Fourteenth Amendment through the removal of the children from their home.  Thus, the Court need not determine if these Defendants were state actors because Plaintiffs have failed to state a claim against them.  Defendants Bowman, Lamerton, Clatch, Rante, Loncola-Hicks, Surrago, and Thornton 's motions to dismiss will be granted, and all claims against these Defendants will be dismissed. Lastly, at this stage of the proceedings, it is implicit in Plaintiffs' allegations that Defendants Robson and Dry were state actors and therefore acting under color of law.

### (2)   Supervisor Liability - Karle, Asure, Nothstein, Bahl, Browning, Geese and Nolls

For a supervisor to be held liable under § 1983 Plaintiffs must show more than *respondeat superior* liability and, instead, must show that the supervisor played a personal role in violating their rights.  *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990).  This can be shown by personal conduct of the supervisor, personal direction from a supervisor, or by "actual knowledge and acquiescence."  *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *see also Chernavsky v. Township of Holmdel Police Dep't.*, No. 04-3621, 2005 U.S. App. LEXIS 11173, at *7 (3d Cir. May 24, 2005).

Viewing the Complaint in the light most favorable to Plaintiffs, only Defendants Bahl and Geese may potentially have had a personal role in violating the constitutional rights at issue.  Plaintiffs claim that Defendant Geese served Plaintiffs with the protective order signed by Defendant Robson and further assisted Defendant Dry with removing the minor children from their home.  (Doc. 1 ¶¶ 42, 49.)  This allegation is enough to suggest that Defendant Geese may have had personal knowledge of, or involvement in, the

alleged violations of Plaintiffs' substantive due process rights to familial integrity.

Second, Plaintiffs' allegations suggest that Defendant Bahl may have had personal knowledge of, or involvement in, the alleged violations of Plaintiffs' procedural due process rights under the Fourteenth Amendment.  Plaintiffs claim they informed Defendant Bahl that MCCYS was holding their children beyond the time permitted by the protective order on January 13, 2003, and that Defendant Bahl replied, "three days, five days, a month, it doesn't matter how long.  I have them now."  (Doc. 1 ¶ 65.)  Reading the Complaint in the light most favorable to the Plaintiffs, this allegation is enough to suggest more than *respondeat superior* liability.

Lastly, no supervisor liability has been alleged for Defendants Karle, Asure, Nothstein, Browning, or Nolls.  Plaintiffs claim only that these Defendants failed to investigate or reprimand employees of MCCYS.  Plaintiffs do not contend that these Defendants were responsible for, or had knowledge of, the alleged violations of Plaintiffs' constitutional rights.  Therefore, Defendants Karle, Asure, Nothstein, Browning, and Noll's motions to dismiss will be granted.  I will dismiss all claims against these Defendants.

### (3)   *Monell* Liability - Monroe County / MCCYS

For a municipality or other government entity to be liable under § 1983, Plaintiff must establish: (1) a deprivation of a constitutionally protected right; (2) resulting from a policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978).  "Policy is made by an official statement of a 'decisionmaker possessing final authority to establish municipal policy,' and custom can be shown by the presence of a course of conduct that 'is so well-settled and permanent as virtually to

18

constitute law.'" *Chernavsky*, 2005 U.S. App. LEXIS 11173, at *5-6 (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)) (internal quotations omitted).  A direct causal link between the policy or custom and the alleged constitutional violations must also be present.  *Id.* at *6.

First, Plaintiffs attempt to hold both MCCYS and Monroe County liable under § 1983.  Monroe County Children and Youth Services is merely a sub-unit of Monroe County and therefore simplification of the case warrants dismissal of Defendant MCCYS. *See Patterson v. Armstrong County Children & Youth Servs.*, 141 F. Supp. 2d 512, 542 (W.D. Pa. 2001).  Next, reading the Complaint in the light most favorable to the Plaintiffs, no policy, practice, or custom of Monroe County has been alleged.  Plaintiffs make only conclusory allegations that MCCYS has a policy of profiting illegally from removing children from their homes, however, the crux of Plaintiffs' allegations is that Defendants overstepped the bounds of current procedures governing the removal of children. Plaintiffs simply do not allege a direct causal link between a policy, practice, or custom of Monroe County and the alleged violations of their constitutional rights.  As such, I will grant Monroe County's motion.  All claims against the Monroe County will be dismissed.

### iii.    Immunity Defenses

Immunity gives individuals the ability to perform their tasks and apply their discretion without fear or threat of retaliation.  *See Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001).  Defendants Bahl, Dry and Geese claim absolute immunity from this suit. For the reasons set out below, Defendants do not have absolute immunity from the remaining constitutional claims in the Complaint, however, they are entitled to absolute

19

immunity from one of Plaintiffs' additional claims in the Complaint.

Caseworkers and attorneys who prosecute dependency proceedings "are entitled to absolute immunity for their actions in petitioning and in formulating and making recommendations to the state court because those actions are analogous to functions performed by state prosecutors, who were immune from suit at common law." *See Ernst,* 108 F.3d at 486-88.  However, absolute immunity does not extend to 'investigative or administrative' actions taken by child welfare workers outside the context of a judicial proceeding.  *Id.* at 497 n.7.

At this stage, Plaintiffs' remaining §1983 claims against Defendants Bahl, Dry and Geese are not based on Defendants petitioning, formulating, or making recommendations to the state court; so absolute immunity does not apply.  Defendants Bahl, Dry and Geese are, however, entitled to absolute immunity from suit for Plaintiffs' claims involving the prosecution of the dependency proceedings in state court.  Count XXVII (Wrongful Use of Civil Proceedings) of the Complaint is such a claim.  In Count XXVII, Plaintiffs assert that "[s]pecifically, Defendants sought an order of custody and dependency . . . ." (Doc.1, ¶ 395.)  Prosecution of the dependency is the only issue raised in this claim.  As such, Defendants are clearly entitled to absolute immunity on this issue, and I will dismiss Count XXVII of the Complaint.  Therefore, Plaintiffs' only remaining federal claims involve violations of § 1983 through infringement of their procedural and substantive due process rights under the Fourteenth Amendment.

### c.    State Law Claims

Plaintiffs raise a number of state law claims in the Complaint.  They include violations of Article I, section 28 and Article I, section 1 of the Pennsylvania Constitution,

abuse of process, invasion of privacy, malpractice, intentional infliction of emotional distress, and punitive damages.  For reasons discussed below, only the claims against Defendants Bahl, Dry, Geese and Robson under Article I, section 1 of the Pennsylvania Constitution and the punitive damages claim against Defendants Bahl, Dry, Geese and Robson in the Complaint will survive this stage of the pleadings.

### i.      **Pennsylvania Constitutional Rights**.

### (1)      **Article I, Section 26: Equal protection**

The Equal Protection Clause of the Pennsylvania Constitution is analyzed under the same standard as claims brought under the Fourteenth Amendment to the United States Constitution.  *See, e.g., Diwara v. State Board of Cosmetology*, 852 A.2d 1279, 1284 (Pa. Commw. Ct. 2004).  As I stated above, Plaintiffs have failed to state a claim under the Equal Protection Clause.  Defendants' motions to dismiss will be granted will respect to this claim.

### (2)      **Article I, Section 1: Due Process**

Count XV of the Complaint alleges violations of Plaintiffs' due process rights under Article I, Section 1 of Pennsylvania's Constitution.  The requirements of Article I, Section 1 are indistinguishable from those of the Due Process Clause of the Fourteenth Amendment and the same analysis applies.  *Pennsylvania Game Comm'n v. Marich*, 666 A.2d 253, 255 n.6 (Pa. 1995).  As I discussed earlier, Plaintiffs' remaining claims allege violation of their procedural due process rights and their substantive due process rights to familial integrity.  Plaintiffs have stated a claim that Defendants Bahl, Dry, Geese, and Robson violated their rights under Article I, Section 1 of Pennsylvania's Constitution.

Defendants Bahl, Dry, and Geese argue that they are, however, entitled to immunity from this claim under the Political Subdivision Tort Claims Act (PSTCA).  42 PA. CONS. STAT. ANN. §§ 8541, *et seq.* (2004).  For reasons set out below, Defendants will be denied immunity pending development of a more complete record.

The PSTCA provides that no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.  42 PA. CONS. STAT. ANN. § 8541.  A local agency includes any government unit other than the Commonwealth.  42 PA. CONS. STAT. ANN. § 8501.  In addition, the Third Circuit Court of Appeals has interpreted the PSTCA to provide immunity from claims for monetary damages even if the claims are brought under the Pennsylvania Constitution.  *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 600 (3d Cir. 1998); *see also Gremo v. Karlin*, 363 F. Supp. 2d 771, 793 (E.D. Pa. 2005); *but see Jones v. City of Phila.*, 68 Pa. D. & C.4th 47, 75-102 (Ct. Com. Pl. 2004) (arguing in detail that the PSTCA does not apply to claims brought under the Pennsylvania Constitution); *Berry v. County of Bucks*, No. 01-3101, 2002 WL 373338, at *3 (E.D. Pa. March 12, 2002) ("[I]t is not clear the Third Circuit intended to conclude that under no circumstances could liability be imposed under the Pennsylvania Constitution because of the provisions of the [PSTCA].  Accordingly, I will . . . await the development of a fuller record and possibly a definitive opinion by the Pennsylvania Supreme Court.").  Thus, Plaintiffs' claim for violation of their rights under Article I, Section 1 of Pennsylvania's Constitution falls under the PSTCA.

Immunity under the PSTCA is subject to two limitations.  First, the PSTCA

provides eight exceptions to the immunity.[2]   42 PA. CONS. STAT. ANN. § 8542.   None of these exceptions apply to the Plaintiffs' claims.   Second, individual employees are not immune from liability when their conduct amounts to actual fraud, crime, actual malice or willful misconduct.   *See* 42 PA. CONS. STAT. ANN. § 8550 n.17.   Reading the Complaint in the light most favorable to Plaintiffs, it is plausible that Defendants Bahl, Dry, and Geese acted with actual malice or willful misconduct.   Plaintiffs are alleging that Defendants not only violated their procedural and substantive due process rights, but that they did so knowing the relevant time requirements and knowing that the minor children's biological father did not reside at the Plaintiffs' home.   Absent further facts surrounding the investigation and removal of the minor children, it is unclear whether the Defendants are entitled to immunity under the PSTCA.   Defendants' motions to dismiss with regard to this claim will be denied.   Plaintiffs are entitled to offer evidence on their claims that Defendants Bahl, Dry, Geese, and Robson violated their rights under Article I, Section 1 of Pennsylvania's Constitution.

### ii.   Abuse of Process

The common law tort of abuse of process involves misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. *Heck v. Humphrey*, 512 U.S. 477, 495 n.2 (1994).   There are two basic elements necessary to sustain the cause of action of abuse of process. They are:

1. That the defendant made an improper, illegal and

---

[2]   The eight exceptions are: (1) Vehicle liability; (2) Care, custody or control of personal property; (3) Real property; (4) Trees, traffic controls and street lighting; (5) Utility service facilities; (6) Streets; (7) Sidewalks; and (8) Care, custody or control of animals.

> perverted use of the legal procedure. That is to say, his resort to the legal process was neither warranted nor authorized by law;
>
> And 2. That the defendant had an ulterior motive in initiating the legal process.

*Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1036 (3d Cir. 1988).  Plaintiffs have failed to claim either element against any Defendant.  As such, this count of the Complaint will be dismissed.

### iii.   Invasion of Privacy

The tort of invasion of privacy is comprised of four separate torts which are: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) unreasonable publicity given to the private life of another; and (4) publicity that unreasonably places another in false light before the public.  *See, e.g., Stine v. Walter*, 1996 WL 895316, at *202 (Pa. Com. Pl. 1996).

> To state a cause of action for the tort of invasion of privacy in Pennsylvania, a plaintiff must aver that there was an intentional intrusion on the seclusion of their private concerns which was substantial and highly offensive to a reasonable person, and aver sufficient facts to establish that the information disclosed would have caused mental suffering, shame or humiliation to a person of ordinary sensibilities.

*Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 247 (Pa. 2002).

Plaintiffs do not allege an intrusion on their seclusion or a disclosure of information.

Thus, Plaintiffs clearly do not allege any of the four torts, and Count XXVIII of the Complaint will be dismissed.

### iv.    Malpractice

Plaintiffs include Defendant Cohen in the Complaint and allege that he is liable for

malpractice.  Defendant Cohen asserts that Plaintiffs have failed to plead within the

requirements of Rule 8 of the Federal Rules of Civil Procedure.  First, Federal Rule of

Civil Procedure Rule 8(a)(2) requires only a "short and plain statement of the claim

showing that the pleader is entitled to relief," however, the "short and plain statement"

must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon

which it rest."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The only claim against

Defendant Cohen that may be said to comply with Rule 8(a)(2) is Plaintiffs' allegation of

legal malpractice in the Complaint.  However, even if Plaintiffs have sufficiently plead a

claim for malpractice, no federal claims against Defendant Cohen have been plead.  As

such, I decline to exercise pendent jurisdiction over this claim.  Defendant Cohen's

motion to dismiss will be granted.  All claims against Defendant Cohen will be dismissed.

### v.    Intentional Infliction of Emotional Distress

Pennsylvania courts recognize a tort for intentional infliction of emotional distress.

*See, e.g., Bartanus v. Lis*, 480 A.2d 1178, 1184 (Pa. Super. Ct. 1984).  In order to

recover for intentional infliction of emotional distress, Plaintiffs must show:  (1) extreme

and outrageous conduct; (2) which was either intentional or reckless; and (3) which

caused severe emotional distress.  *Wisniewski v. Johns-Manville Corp*., 812 F.2d 81, 85

(3d Cir. 1987) (citing *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1274 (3d Cir.

1979) (en banc)).  Outrageous conduct is that which goes beyond all possible bounds of

decency, so as to be regarded as atrocious and utterly intolerable in a civilized

community.  *Id.* (citing *Jones v. Nissenbaum, Rudolph, & Seidner*, 368 A.2d 770, 773 (Pa. Super. Ct. 1976) (citations omitted).  The Court must determine, in the first instance, whether the alleged conduct could reasonably be regarded as so extreme and outrageous as to permit recovery.  *Jones*, 368 A.2d at 774.

The conduct Plaintiffs complains of, viewed in relation to the above standards, is clearly not so extreme and outrageous as to support an action for intentional infliction of emotional distress.  Circumstances where the courts have found condut to be outrageous are easily distinguishable.  *See, e.g., Papieves v. Lawrence*, 263 A.2d 118, 122 (Pa. 1970) (defendant struck and killed the plaintiff's fourteen-year old son with a car, then without notifying the police or medical personnel the defendant removed the body from the scene, stored the body in his garage and buried the remains in a field).  In this case, Defendants' alleged conduct could not reasonably be regarded as so extreme and outrageous as to permit recovery.  I will grant Defendants' motions to dismiss with regard to this claim.  Plaintiffs' claim for intentional infliction of emotional distress will be dismissed for failure to state a claim.

### vi.    Punitive Damages

Plaintiffs seek punitive damages from Defendants Dry, Bahl, Geese, and Robson. It is clear that in certain circumstances punitive damages may be awarded for violations of civil rights.  *Cochetti v. Desmond*, 572 F.2d 102, 105 (3d Cir. 1978).  A municipality may not be held liable for punitive damages under § 1983, but municipal officials can be. *Abraham v. Pekarski*, 728 F.2d 167, 172 (3d Cir. 1984).  The test for determining whether punitive damages should be awarded for civil rights violations is whether Defendants

acted with actual knowledge that they were violating a federally protected right or with reckless disregard for whether they were doing so. *Cochetti*, 572 F.2d at 106.  It is well settled law in Pennsylvania that the decision of whether to award punitive damages and the amount to be awarded is within the discretion of the fact finder.  *See Delahanty v. First Pennsylvania Bank*, 464 A.2d 1243, 1263 (Pa. Super. Ct. 1983); *see also Dean Witter Reynolds, Inc. v. Genteel*, 499 A.2d 637, 642 (Pa. Super. Ct. 1985).  Plaintiffs are entitled to offer evidence against Defendants Dry, Bahl, Geese, and Robson in support of an award of punitive damages.

### CONCLUSION

Plaintiffs are entitled to offer evidence on four (4) of the forty-one (41) counts in their Complaint.  Those counts are: (1) Count I: Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Procedural Due Process; (2) Count III: Violation of Civil Rights Under 42 U.S.C. 1983 and the 14th Amendment to the Constitution of the United States - Substantive Due Process; (3) Count XV: Violation of the Pennsylvania Constitution, Article 1, Section 1, Due Process; (4) Count XXXV: Punitive Damages.

More specifically, Plaintiffs' remaining claims are for: (1) violation of § 1983 through the infringement of their substantive due process rights to familial integrity under the Fourteenth Amendment by Defendants Dry, Robson, and Geese; (2) violation of § 1983 through the infringement of their procedural due process rights by Defendants Dry and Bahl with regard to the delayed filing of a dependency petition, such that the petition was filed later than 72 hours after Plaintiffs' minor children were taken into protective

Case 3:04-cv-02505-ARC   Document 115   Filed 09/29/05   Page 28 of 31

custody; (3) violation of the Pennsylvania Constitution, Article 1, Section 1, through the infringement of Plaintiffs' substantive and procedural due process rights by Defendants Dry, Bahl, Geese, and Robson; and (4) punitive damages against Defendants Dry, Bahl, Geese, and Robson.  Therefore, of the nine motions to dismiss before the Court (Docs. 6, 24, 29, 38, 50, 60, 70, 71, 107), I will grant five of the motions to dismiss in their entirety (Docs. 6, 24, 38, 50, 107), I will deny two of the motions (Docs. 70, 71), and, lastly, I will grant two of the motions in part and deny them in part (Docs. 29, 60).

An appropriate order follows.

 September 29, 2005                          /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRUCE BAYER and ANGELA BAYER
PRO SE,

      Plaintiffs,

          v.

MONROE COUNTY CHILDREN &
YOUTH SERVICES, et al.,

      Defendants.

NO. 3:04-CV-2505


(JUDGE CAPUTO)

## ORDER

    **NOW**, this   29th   day of September, 2005, **IT IS HEREBY ORDERED** that

Defendants' nine motions to dismiss (Docs. 6, 24, 29, 38, 50, 60, 70, 71, 107) are

resolved as follows:

    (1)    Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) on Behalf of Defendant, Tara Surrago (Doc. 6) is **GRANTED**.  All claims against Tara Surrago are **DISMISSED**.

    (2)    Motion of Defendant Barry Cohen to Dismiss Plaintiffs' Complaint and Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 24) is **GRANTED**.  All claims against Barry Cohen are **DISMISSED**.

    (3)    Defendant, Barry Cohen's Amendment to Motion to Dismiss Plaintiffs' Complaint, (Doc. 70) is **DENIED** as moot.

    (4)    Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) on Behalf of Defendants, Donna Asure, Robert Nothstein, Monroe County Children & Youth Services, and Monroe County (Doc. 38) is **GRANTED**.  All claims against Donna Asure, Robert Nothstein, Monroe County Children & Youth Services, and Monroe County are **DISMISSED**.

(5)    Motion to Dismiss of Defendants, Commonwealth of Pennsylvania, Walter Clatch and Ellis Karle (Doc. 50) is **GRANTED**.  All claims against the Commonwealth of Pennsylvania, Walter Clatch and Ellis Karle are **DISMISSED**.

(6)    Amended Motion to Dismiss of Defendants, Commonwealth of Pennsylvania, Walter Clatch and Ellis Karle (Doc. 71) is **DENIED** as moot.

(7)    Motion to Dismiss of Defendant, Jane Doe Thorton, More Properly Identified as Dawn Thornton, Pursuant to F.R.C.P. 12(b)(6) (Doc. 107) is **GRANTED**.  All claims against Jane Doe Thorton are **DISMISSED**.

(8)    Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) on Behalf of Defendants, Sat Bahl, William Browning, Heather Dry, Brenda Rante, P.J. Geese, Eliza Loncola-Hicks and Iretha Nolls (Doc. 29) is **GRANTED in part** and **DENIED in part** as follows:

    (a)    Defendants' Motion to Dismiss insofar as it seeks dismissal of Defendants Browning, Rante, Loncola-Hicks and Nolls is **GRANTED**.  All claims against Defendants Browning, Rante, Loncola-Hicks and Nolls are **DISMISSED**.

    (b)    Defendants' Motion to Dismiss Defendants Bahl, Geese and Dry is **DENIED** with respect to the following claims:

        (i)    Violation of § 1983 through the infringement of Plaintiffs' substantive due process rights to familial integrity under the Fourteenth Amendment by Defendants Dry, Robson, and Geese;

        (ii)    Violation of § 1983 through the infringement of Plaintiffs' procedural due process rights by Defendants Dry and Bahl with regard to the delayed filing of a dependency petition;

        (iii)    Violation of the Pennsylvania Constitution; Article 1, Section 1

        (iv)    Punitive damages.

    (c)    Defendants' Motion to Dismiss is otherwise **GRANTED**.

(9)     Motion to Dismiss Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) on Behalf of Defendants Robson, Bowman, and Lamberton (Doc. 60) is **GRANTED in part** and **DENIED in part** as follows:

   (a)     Defendants' Motion to Dismiss in regard to Defendants Bowman and Lamberton is **GRANTED**.  All claims against Defendants Bowman and Lamberton are **DISMISSED**.

   (b)     Defendants' Motion to Dismiss Defendant Robson is **DENIED** with respect to the following claims:

   (i)     Violation of § 1983 through the infringement of Plaintiffs' substantive due process rights to familial integrity under the Fourteenth Amendment by Defendants Dry, Robson, and Geese;

   (ii)     Violation of the Pennsylvania Constitution, Article 1, Section 1;

   (iii)     Punitive damages.

   (c)     Defendants' Motion to Dismiss is otherwise **GRANTED**.


   /s/ A. Richard Caputo
   A. Richard Caputo
   United States District Judge