# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE BAYER and ANGELA BAYER, | |
| Plaintiffs, | CIVIL ACTION NO. 3:04-CV-2505 |
| v. | (JUDGE CAPUTO) |
| MONROE COUNTY CHILDREN & YOUTH SERVICES, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Amended Motion to Dismiss of Defendant, Andrea Taroli, M.D., Pursuant to F.R.C.P. 12(b)(5) and 12(b)(6) (Doc. 132), and Emergency Motion For a Ruling on Pending Motion to Dismiss or in the Alternative an Order Providing that Appearance at the Depositions of Bruce and Angela Bayer is Not Waiver of Any Defenses Raised in the Pending Amended Motion to Dismiss, or in the Alternative, an Order Postponing All Depositions Until the Pending Amended Motion to Dismiss is Decided (Doc. 144). For the following reasons, I will grant Defendant's Amended Motion to Dismiss (Doc. 132) and deny the other motion (Doc. 144) as moot. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

## BACKGROUND

On November 18, 2004, Plaintiffs filed, *pro se,* a two-hundred (200) page Complaint raising forty-one (41) claims against thirty-one (31) Defendants. Plaintiffs' Complaint mentions Defendant Andrea Taroli, M.D. in only two paragraphs; it states in relevant part:

> 31. Defendant Dr. Andi Taroli (Taroli) is an individual and at times relevant to this complaint. She is employed at 8 Church Street, Wilkes-Barre, PA. Defendant Taroli is being sued in her individual and official capacity.
>
> 152. Defendant Taroli misdiagnosed and prescribed inappropriate medications for Plaintiffs [GB] and [PB]. Defendant Taroli stated plaintiffs [GB] and [PB] had ringworm but this diagnosis was changed to eczema when the Plaintiffs were taken to their regular pediatrician Dr. Mohyuddin on January 30th, 2003.

(Doc. 1, ¶¶ 31, 152.)

On December 22, 2004, the Plaintiffs were ordered to retain representation for their minor children within 20 days. (Doc. 14.) No counsel entered an appearance for the children and they were dismissed from the suit on April 8, 2005. (Doc. 90.) On September 12, 2005, the Court reiterated that all claims addressing the rights of the minor children had been dismissed and granted the motions to dismiss of defendants President Judge Ronald Vican, Judge Margherita P. Worthington, David Williamson, Mark Pazuhanich, District Attorney's Office of Monroe County, Elizabeth Weekes, Dr. Judy Munoz, Dr. Colleen Cooper, and Foster Care Division of Monroe County. (Doc. 111.) Collectively, most of the remaining Defendants filed nine motions to dismiss. (Docs. 6, 24, 29, 38, 50, 60, 70, 71, 107.) On September 29, 2005, the Court granted the motions in part and denied them in part. (Doc. 115.) Then on January 6, 2006, Defendant Jane Doe Hyland filed a motion to dismiss (Doc. 120), which was granted by the Court on February 16, 2006. (Doc. 124.)

On March 14, 2006, Defendant Taroli filed a Motion to Dismiss (Doc. 126). Defendant Taroli then filed the present Amended Motion to Dismiss pursuant to F.R.C.P.

2

12(b)(5) and 12(b)(6) on March 22, 2006 (Doc. 132).  Defendant Taroli's original motion to dismiss was terminated by the Court on March 23, 2006.

On April 27, 2006, Attorney Peter G. Loftus entered an Appearance on behalf of Plaintiffs.  (Doc. 139.)

On June 8, 2006, Defendant Andrea Taroli, M.D. filed an Emergency Motion For a Ruling on Pending Motion to Dismiss or in the Alternative an Order Providing that Appearance at the Depositions of Bruce and Angela Bayer is Not Waiver of Any Defenses Raised in the Pending Amended Motion to Dismiss, or in the Alternative, an Order Postponing All Depositions Until the Pending Amended Motion to Dismiss is Decided (Doc. 144).  These motions are now ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the

3

document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

The Third Circuit Court of Appeals has emphasized a policy of liberally interpreting *pro se* complaints, so Plaintiff's complaint should be held to less stringent standards than formal pleadings drafted by lawyers. *See Weaver v. Wilcox*, 650 F.2d 22, 26 (3d Cir. 1981); *Henderson v. Fisher*, 631 F.2d 1115, 1117 (3d Cir. 1980); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

**DISCUSSION**

**1.      Rule 12(b)(5), Ineffective Service**

Defendant Taroli, first, argues that she has not been properly served with the Complaint in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiffs' counter that Defendant's counsel entered an appearance on her behalf on

4

December 22, 2004, which constitutes an acknowledgment of receipt of service.

I need not determine whether service was properly effectuated, because I find that even if Defendant was served, Plaintiffs have failed to state a claim against Defendant Taroli upon which relief may be granted.

**2.     Rule 12(b)(6), Failure to State a Claim**

As detailed in the Court's Order dated September 29, 2005 (Doc. 115), Plaintiffs' constitutional claims are limited to:

> (1) violation of their procedural due process rights through filing of the dependancy petition later than 72 hours after the removal of Plaintiffs' minor children; and (2) violation of their substantive due process rights to familial integrity under the Fourteenth Amendment through the removal of the children from their home.

*Id.*, at 16-17.  Furthermore:

> Plaintiffs' remaining claims are for: (1) violation of § 1983 through the infringement of their substantive due process rights to familial integrity under the Fourteenth Amendment by Defendants Dry, Robson, and Geese; (2) violation of § 1983 through the infringement of their procedural due process rights by Defendants Dry and Bahl with regard to the delayed filing of a dependency petition, such that the petition was filed later than 72 hours after Plaintiffs' minor children were taken into protective custody; (3) violation of the Pennsylvania Constitution, Article 1, Section 1, through the infringement of Plaintiffs' substantive and procedural due process rights by Defendants Dry, Bahl, Geese, and Robson; and (4) punitive damages against Defendants Dry, Bahl, Geese, and Robson.

*Id.*, at 27-28.  Additionally, the Court's Order dated September 29, 2005 (Doc. 115) contains a detailed merits analysis as to why Plaintiffs' claims are limited to only the above mentioned Defendants.  Specifically, Plaintiffs' remaining constitutional claims fail

to allege the involvement of Defendant Taroli.  Therefore, Defendant's motion to dismiss will be granted, and all claims against Defendant Andrea Taroli, M.D. will be dismissed.

3.    **Emergency Motion For a Ruling on Pending Motion to Dismiss**

In light of the above discussion, Defendant's Emergency Motion For a Ruling on Pending Motion to Dismiss will be denied as moot.

## CONCLUSION

As detailed in the Court's Order dated September 29, 2005 (Doc. 115), Plaintiffs have failed to state a claim against Defendant upon which relief may be granted.  As such, Defendant's motion will be granted.

Defendant's Emergency Motion For a Ruling on Pending Motion to Dismiss or in the Alternative an Order Providing that Appearance at the Depositions of Bruce and Angela Bayer is Not Waiver of Any Defenses Raised in the Pending Amended Motion to Dismiss, or in the Alternative, an Order Postponing All Depositions Until the Pending Amended Motion to Dismiss is Decided (Doc. 144) will be denied as moot.

An appropriate order follows.

 June 29, 2006                                                        /s/ A. Richard Caputo
Date                                                                        A. Richard Caputo
                                                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRUCE BAYER and ANGELA BAYER PRO SE, | |
| Plaintiffs, | NO. 3:04-CV-2505 |
| v. | (JUDGE CAPUTO) |
| MONROE COUNTY CHILDREN & YOUTH SERVICES, et al., | |
| Defendants. | |

## ORDER

**NOW**, this ___29th___ day of June, 2006, **IT IS HEREBY ORDERED** that:

1. Amended Motion to Dismiss of Defendant, Andrea Taroli, M.D., Pursuant to F.R.C.P. 12(b)(5) and 12(b)(6) (Doc. 132) is **GRANTED**.

2. Emergency Motion For a Ruling on Pending Motion to Dismiss or in the Alternative an Order Providing that Appearance at the Depositions of Bruce and Angela Bayer is Not Waiver of Any Defenses Raised in the Pending Amended Motion to Dismiss, or in the Alternative, an Order Postponing All Depositions Until the Pending Amended Motion to Dismiss is Decided (Doc. 144) is **DENIED as MOOT**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge